UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br>a municipal corporation<br>400 6th Street NW<br>Washington, DC 20001<br>                        Plaintiff,<br><br>    v.<br><br>POTOMAC ELECTRIC POWER<br>COMPANY<br>701 Ninth Street, N.W.<br>Washington, D.C. 20068<br><br>  *Serve on:*<br><br>Corporate Creations Network Inc.<br>1659 K Street, N.W. #300<br>Washington, D.C. 20006<br><br>                        Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

The District of Columbia, through its chief legal officer, the Attorney General (the "District" or "Plaintiff"), brings this civil action against Potomac Electric Power Company ("Pepco" or "Defendant"), for liability under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"), the District of Columbia Brownfield Revitalization Act of 2000, as amended, D.C. Code § 8-631.01 *et seq.* ("Brownfield Act"), the District's Water Pollution Control Act, D.C. Code § 8-103.08(b) ("WPCA"), and common law, seeking damages for and reimbursement of response costs incurred or to be incurred in connection with the Anacostia River Sediment Project Site ("ARSP

1

Site") including, *inter alia*, (1) costs incurred in developing the Remedial Investigation and Feasibility Study and related studies and investigations for the Anacostia River, (2) costs to implement the Interim Record of Decision for the ARSP Site, (3) interest accruing on the District's costs as of June 14, 2021, and (4) recovery of damages to the District's natural resources resulting from, *inter alia*, releases and threatened releases of hazardous substances, pollutants, and contaminants at or from locations owned and operated by Pepco.

## INTRODUCTION

1. The Anacostia River should be, and is intended to be, a public resource for fishing, recreation, wildlife habitat, and other uses, but generations of District residents have not known what it is like to have a healthy river.

2. For decades, the pervasive and systemic contamination of the River has resulted in "no swimming" bans and fishing advisories and has deprived residents of a once vital natural resource.

3. The degradation and unsafe condition of the Anacostia River has had a disproportionate adverse impact on underserved, historically marginalized residents, many of whom have a long relationship with and connection to the River despite its unhealthy condition and some of whom continue to subsist on contaminated fish.

4. By treating the District's waterways as a cost-free dumping ground, Pepco and other corporate and non-corporate entities have played a prominent role in the current and historically degraded condition of the Anacostia River.

5. Pepco polluted the Anacostia River with hazardous substances in at least three ways: first, by discharging or releasing pollutants from its Buzzard Point Facility to groundwater and storm sewers that connect to the Anacostia River; second, by pumping pollutants from its

2

underground, District-wide electrical distribution system into storm sewers that connect to the Anacostia River; and, third, by discharging or releasing pollutants from its Benning Road Facility into outfalls that connect to the Anacostia River.

6. Some of the highly toxic pollutants, like polychlorinated biphenyls ("PCBs"), take decades to break down, so they have remained in the River long after their release, causing long-lasting harmful effects to human health, the environment, and the District's economy.

## JURISDICTION

7. This Court has subject matter jurisdiction over the Defendant pursuant to CERCLA §§ 107 and 113, 42 U.S.C. §§ 9607, 113; 28 U.S.C. §§ 1331 (a civil action arising under the laws of the United States); and 28 U.S.C. § 2201 and 42 U.S.C. 9613(g)(2) (declaratory relief). Jurisdiction is also proper in this Court under 42 U.S.C. § 9613(b) and 9613(g)(2). This Court also has personal jurisdiction over Defendant, since Defendant is incorporated or does business in Washington, D.C.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1391(3)(1)(A) and 42 U.S.C. § 9613(b).

## PARTIES

9. Plaintiff, the District of Columbia, is a municipal corporation and is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

10. Defendant, Potomac Electric Power Company ("Pepco"), is a regulated electric utility delivering electricity to customers in Washington, D.C. and its Maryland suburbs. Pepco is a leading provider of deregulated energy and energy-related services for residential, small business, and large commercial customers.

## FACTUAL BACKGROUND

### Pepco Operations that Polluted the Anacostia River

11. Pepco currently owns the Buzzard Point Facility located at the intersection of First Street and V Street in Southwest D.C. ("BP Facility"). From 1933 to 2012, Pepco operated a fossil-fuel fired generating plant at the BP Facility, which is currently used as an electrical substation and maintenance facility. Past, on-site operations included coal piles, large oil-cooled transformers, a combustion turbine yard, a switch yard, a fuel oil tank yard, and a gasoline fueling station.

12. As part of its area-wide electrical distribution system, Pepco operates a network of approximately 60,000 subsurface vaults and manholes, primarily located throughout the District ("Vault System").

13. The District has documented releases of hazardous substances from the Buzzard Point Facility and the Vault System into the Anacostia River. For decades, Pepco routinely discharged accumulated wastewater containing PCBs and other hazardous substances from the Buzzard Point Facility and from electrical distribution vaults in the Vault System into the District's municipal storm water sewer system, which drains directly into the Anacostia River and other District waterways.

14. From 1906 until 2012, Pepco owned and operated a fossil-fuel fired electric power generating station at 3400 Benning Road NE, Washington, D.C. ("Benning Road Site"). Pepco

4

decommissioned the power station in 2012, and then completed the demolition and removal of the power plant building and related infrastructure in 2015. Pepco currently owns the 77-acre site and uses it to manage operations and maintain equipment associated with its electrical distribution system. (Pepco's "Benning Road Site", "Buzzard Point Facility", and "Vault System" are collectively referred to herein as the "Pepco Sites.")

15. The District has documented releases of PCBs, petroleum, and other hazardous substances from spills and leaking equipment at or from Pepco's Benning Road Site, as well as from the Benning Road Site's two wastewater outfalls, into the environment, including a shallow branch of the Anacostia River adjacent to the Benning Road Site, referred to as the Benning Road Cove.

16. Hazardous substances have been and potentially continue to be released from the Pepco Sites into the Anacostia River.

### The District's Anacostia River Sediment Project

17. The Anacostia River and the land area that drains to the River and its tributaries have a long history of urbanization, industrialization, and agriculture, which has resulted in pollution, poor water quality, and contaminated sediments on the river-bottom.

18. Since approximately 2013, in response to a release or a substantial threat of a release of hazardous substances into the Anacostia River, the District of Columbia's Department of Energy and Environment ("DOEE"), pursuant to CERCLA and the Brownfield Act, has led an effort known as the Anacostia River Sediment Project or "ARSP." The objective of the ARSP is to investigate and remediate the impacts of contamination from various sources of the nine-mile tidal portion of the Anacostia River and its tributaries, beginning at the confluence of the Northwest Branch and the Northeast Branch of the River near Bladensburg, MD, and extending downstream

to the confluence of the Anacostia River and the Potomac River, including Kingman Lake and Washington Channel ("ARSP Site").

19. On December 31, 2019, as part of the ARSP, the District completed and published for public comment: (i) the Remedial Investigation Report, and (ii) the Feasibility Study Report, including a Focused Feasibility Study Report and a River-Wide Feasibility Study Report (collectively, "RI/FS"). The RI/FS details the nature and extent of the sediment contamination at the ARSP Site, the risk posed to human health and the environment by contaminated sediments, and an evaluation of potential remedies or solutions to eliminate or mitigate those risks.

20. On September 30, 2020, the District completed and published for public comment an Interim Record of Decision ("Interim ROD") for the ARSP Site that documents the District's decision to conduct early remedial action. The Interim ROD, among other things, establishes specific numerical cleanup goals and identifies eleven (11) "Early Action Areas" or "hot spots" for early remedial action at the ARSP Site where PCB contamination is the highest.

21. By removing or containing the most contaminated sediment, implementation of the Interim ROD will substantially reduce risk to human health and the environment while evaluations of the contamination of the entire ARSP Site continue. Implementation of the Interim ROD, expected to commence in 2025, will be supported by an adaptive management approach, which is intended to: (1) reduce the uncertainties associated with sediment remediation, (2) provide information on the performance of the interim remedial action, and (3) inform further decisions by DOEE that may be necessary to achieve the numeric cleanup goals for the ARSP Site. By design, this adaptive approach may require subsequent remedial actions at the ARSP Site, or modifications to a selected interim remedy at a particular location or locations, to achieve the remediation goals.

22. In July 2021, the District, in concert with the United States Department of the Interior and the National Oceanic and Atmospheric Administration, in their joint capacity as Trustees for Natural Resources, published a "Pre-Assessment Screen" ("PAS") for natural resource damages at the ARSP Site. The PAS documents the Trustees' determination that further efforts to investigate and assess damages to natural resources at the ARSP Site are warranted, and that there is a reasonable probability of making a successful claim against the party or parties responsible for the releases of hazardous substances that caused the natural resource damages.

23. On June 14, 2021, the District issued a Notice of Liability to Pepco as well as other potentially responsible parties ("PRPs") informing them that they are strictly, jointly, and severally liable to the District for all of the District's ARSP costs, including natural resource damages under CERCLA, the Brownfield Act, and other District statutory and common law.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

RECOVERY OF RESPONSE COSTS AND NATURAL RESOURCE DAMAGES
AND DECLARATORY JUDGMENT OF LIABILITY FOR FUTURE RESPONSE COSTS
AND DAMAGES  CERCLA

24. The District incorporates the allegations in all preceding paragraphs.

25. The Anacostia River system, including its contaminated media, constitute a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

26. Defendant is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).  Defendant is and has been the owner and operator of the Pepco Sites.

27. At all relevant times, Defendant released or caused to be released or threatened to release, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), hazardous

7

substances (as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14)), at or from the Pepco Sites and into the Anacostia River system.

28. The District has incurred and will continue to incur response costs related to the releases or threatened releases of hazardous substances at or from the Pepco Sites into the Anacostia River.

29. The District's response costs for the ARSP are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

30. The District's natural resources were damaged and will continue to be damaged as a result of releases of pollutants and contaminants at and from the Pepco Sites.

31. Under Section 107(a)(4)(A) of CERCLA, PRPs are liable for all costs of removal and remedial action incurred by a State not inconsistent with the national contingency plan. 42 U.S.C. § 9607(a)(4)(A). "State" is defined specifically to include the District of Columbia, 42 U.S.C. § 9601(27).

32. Under Section 107(a)(4)(A) of CERCLA, PRPs are also liable for "damages for injury to, destruction of, or loss of natural resources . . . "

33. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to the District for response costs incurred and to be incurred for the ARSP, including interest, as well as for natural resource damages, in an amount to be proven at trial.

34. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), specifies that in any action for recovery of costs under Section 107 of CERCLA, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs . . . ."

35. The District is entitled to entry of a declaratory judgment that Defendant is liable for future removal and remediation costs incurred by the District in connection with the Anacostia River system to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan, as well as for damages to natural resources.

## SECOND CAUSE OF ACTION

### RECOVERY OF COSTS AND DAMAGES, DECLARATORY JUDGMENT OF LIABILITY FOR FUTURE RESPONSE COSTS AND DAMAGES, AND CLAIM FOR CONTRIBUTION UNDER THE BROWNFIELD ACT

36. The District incorporates the allegations in all preceding paragraphs.

37. The Anacostia River's contaminated sediment constitutes a facility within the meaning of D.C. Code § 8-631.02(6)(A).

38. Defendant is a person within the meaning of D.C. Code § 8-631.02(12). Defendant is the owner and operator of the Pepco Sites, at or from which hazardous substances have been released that have come to be located in the Anacostia River system.

39. There have been releases of hazardous substances, within the meaning of D.C. Code § 8-631.02(14), and threats of continuing releases of hazardous substances, within the meaning of D.C. Code § 8-631.02(14), into the environment at or from the Pepco Sites.

40. The District has incurred and will continue to incur response costs related to the releases or threatened releases of hazardous substances or pollutants at or from the Pepco Sites that have come to be located in the Anacostia River system.

41. The District's responses costs incurred regarding the Anacostia River Site are consistent with the National Contingency Plan, 40 C.F.R. Part 300, as required by D.C. Code § 8-104.31.

42. Under the Brownfield Act, D.C. Code § 8-632.01, Defendant is strictly, jointly, and severally liable for all response costs and natural resource damages related to the Anacostia River system, plus interest, in an amount to be proven at trial.

43. D.C. Code § 8-634.07 specifies that "the Attorney General shall have authority to commence a civil action in the Superior Court of the District of Columbia . . . to declare future liability for a response cost or damage."

44. The District is entitled to entry of a declaratory judgment that Defendant is liable for future removal and remediation costs incurred by the District in connection with the Anacostia River to the extent that such costs are incurred in a manner consistent with the National Contingency Plan.

45. The Defendant is liable to the District for contribution pursuant to the Brownfield Act, D.C. Code § 8-634.09, for all costs in excess of the fair and equitable share of costs that the District has incurred and may incur for removal and/or remediation of the release and/or threatened release of hazardous substances to the Anacostia River, and for natural resource damages.

### THIRD CAUSE OF ACTION

PENALTIES AND INJUNCTIVE RELIEF
UNDER DC WATER POLLUTION CONTROL ACT, D.C. CODE §§ 8-103.16,
8-103.18

46. The District incorporates the allegations in all preceding paragraphs.

47. The District's Water Pollution Control Act prohibits the unpermitted discharge of any pollutant into District waters. D.C. Code § 8-103.02.

48. Because of the Pepco Sites' proximate location to the Anacostia River, PCBs and other hazardous substances, pollutants, or contaminants discharged by Pepco at or from the Sites came to be located in the Anacostia River.

49. Defendant's continuous unpermitted discharges of pollutants into District waters violated and continue to violate the Water Pollution Control Act and constitute multiple unpermitted discharges of pollutants into District waters pursuant to D.C. Code § 8-103.02

50. Defendant is liable to the District for penalties for violation of the Water Pollution Control Act in an amount to be proven at trial. D.C. Code § 8-103.16.

51. Defendant is liable for injunctive relief under the District's Water Pollution Control Act. D.C. Code § 8-103.18.

## FOURTH CAUSE OF ACTION

### PUBLIC NUISANCE

52. The District incorporates the allegations in all preceding paragraphs.

53. It is in the public interest to protect and preserve the District's natural resources, including air, soils, lands, aquatic and submerged lands, waters, groundwaters, aquifers, wildlife, fish, shellfish, biota, and other natural resources, as well as stormwater and other water systems within the District.

54. Protecting these resources and water systems from contamination and degradation, preserving the free and unfettered use of these resources by District residents, and ensuring the health and well-being of the District's environment and economy are among the essential functions of the Attorney General, who is charged with upholding the public interest.

55. The releases of hazardous substances from the Pepco Sites have unreasonably interfered with and obstructed the public's free use and comfortable enjoyment of the District's environment and have endangered the comfort, repose, health, and safety of District residents.

56. Defendant knew, or in the exercise of reasonable care should have known, that hazardous substances, pollutants, or contaminants used, generated, stored, disposed, discharged,

and/or released at the Pepco Sites are toxic to human and animal life, and would inevitably enter the environment, including soils, groundwater, and the Anacostia River.

57. Defendant knew that hazardous substances (including PCBs), pollutants, and contaminants used, generated, stored, disposed and/or discharged at the Pepco Sites are associated with serious illnesses and cancers and that humans may be exposed thereto through ingestion of fish and/or dermal contact. As a result, it was foreseeable that humans would be exposed to hazardous substances, pollutants, or contaminants through swimming in contaminated waters, playing on contaminated riverbanks, and eating fish and shellfish from contaminated areas.

58. Defendant knew or should have known that hazardous substances, pollutants, or contaminants it released or caused to be released into the environment would seriously and unreasonably interfere with the ordinary comfort, use, and enjoyment of the District's environment.

59. Defendant has a duty to conduct its business in a manner that does not interfere with the District's and its residents' use and enjoyment of its environment.

60. Defendant is under a continuing duty to act to correct and remediate the injuries and damages resulting from its conduct, and each day it fails to do so constitutes a new injury to the District.

61. The District is incurring and will continue to incur costs to investigate, monitor, analyze, and remediate hazardous substance, pollutant, or contaminant contamination of the District's environment.

62. As a direct and proximate result of Defendant's creation of a public nuisance, the District has suffered, and continues to suffer, monetary damages, including loss of value and loss of use of the District's natural resources, including the Anacostia River.

63. An award of punitive damages is appropriate because Defendant's conduct was in willful disregard of the public's right to enjoy an environment free of contamination by hazardous substances, pollutants, and contaminants.

## PRAYER FOR RELIEF

WHEREFORE, the District prays that this Court:

64. Enter a judgment in favor of the District against Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for response costs associated with the ARSP, plus interest, in an amount to be proven at trial.

65. Enter a judgment in favor of the District against Defendant pursuant to the Brownfield Act, D.C. Code § 8-632.01, for response costs associated with the ARSP, plus interest, in an amount to be proven at trial.

66. Enter a declaratory judgment of liability in favor of the District against Defendant for future response costs and natural resource damages pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

67. Enter a declaratory judgment of liability in favor of the District against Defendant for future response costs and natural resource damages pursuant to the Brownfield Act, D.C. Code § 8-634.07.

68. Alternatively, in the event the District is liable for response costs at or relating to the Anacostia River, enter a judgment in favor of the District against Defendant for all costs in excess of the District's fair and equitable share, if any, of response costs and natural resource damages for which the District is or may be liable related to the Anacostia River.

69. Enter a judgment awarding the District penalties and injunctive relief against the Defendant pursuant to the District's Water Pollution Control Act, D.C. Official Code § 8-103.02.

70. Enter a judgment awarding the District any other damages, including punitive or exemplary damages, as permitted by law.

71. Enter a judgment awarding the District its costs incurred herein.

72. Enter a judgment for such other and further relief as the Court deems just and equitable.

Dated:  October 3, 2023

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

JENNIFER JONES
Deputy Attorney General

/s/ *Wesley Rosenfeld*
WESLEY ROSENFELD
Assistant Attorney General

/s/ *David Hoffmann*
DAVID S. HOFFMANN
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth St., NW
Washington, D.C. 20001
Wesley.rosenfeld1@dc.gov
David.hoffmann@dc.gov

# CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action **and one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

410 Antitrust

○ **B.** *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
367 Health Care/Pharmaceutical Personal Injury Product Liability
368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

151 Medicare Act

**Social Security**
861 HIA (1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g))
864 SSID Title XVI
865 RSI (405(g))
**Other Statutes**
891 Agricultural Acts
893 Environmental Matters
890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)* OR ○ **F.** *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Conditions
560 Civil Detainee – Conditions of Confinement

**Property Rights**
820 Copyrights
830 Patent
835 Patent – Abbreviated New Drug Application
840 Trademark
880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant)
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
625 Drug Related Seizure of Property 21 USC 881
690 Other

**Other Statutes**
375 False Claims Act
376 Qui Tam (31 USC 3729(a))
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc
460 Deportation
462 Naturalization Application

465 Other Immigration Actions
470 Racketeer Influenced & Corrupt Organization
480 Consumer Credit
485 Telephone Consumer Protection Act (TCPA)
490 Cable/Satellite TV
850 Securities/Commodities/ Exchange
896 Arbitration
899 Administrative Procedure Act/Review or Appeal of Agency Decision
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act)

|  |  |  |  |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255*<br><br>**530** Habeas Corpus – General<br>**510** Motion/Vacate Sentence<br>**463** Habeas Corpus – Alien Detainee | ○ **H.** *Employment Discrimination*<br><br>**442** Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ **I.** *FOIA/Privacy Act*<br><br>**895** Freedom of Information Act<br>**890** Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ○ **J.** *Student Loan*<br><br>**152** Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br><br>**710** Fair Labor Standards Act<br>**720** Labor/Mgmt. Relations<br>**740** Labor Railway Act<br>**751** Family and Medical Leave Act<br>**790** Other Labor Litigation<br>**791** Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br><br>**441** Voting (if not Voting Rights Act)<br>**443** Housing/Accommodations<br>**440** Other Civil Rights<br>**445** Americans w/Disabilities – Employment<br>**446** Americans w/Disabilities – Other<br>**448** Education | ○ **M.** *Contract*<br><br>**110** Insurance<br>**120** Marine<br>**130** Miller Act<br>**140** Negotiable Instrument<br>**150** Recovery of Overpayment & Enforcement of Judgment<br>**153** Recovery of Overpayment of Veteran's Benefits<br>**160** Stockholder's Suits<br>**190** Other Contracts<br>**195** Contract Product Liability<br>**196** Franchise | ○ **N.** *Three-Judge Court*<br><br>**441** Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES         NO |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES         NO | If yes, please complete related case form |

DATE: _____   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

   **I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

   **III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   **IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

   **VI.**   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

   **VIII.**   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

   Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12; DC 3/15)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____                                    _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____
                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc: